**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **LUZVIMID NEPOMUCENO,** | Civil Action No. 14-7383 (JLL) (JAD) |
| **Plaintiff,** | |
| v. | |
| **FOCUS RECEIVABLES MANAGEMENT, LLC, ASSET ACCEPTANCE, LLC, JOHN DOES 1-50 AND ABC CORP. 1-50,** | **OPINION** |
| **Defendants.** | |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff Luzvimid Nepomuceno's ("Plaintiff") Motion to Amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2) (the "Motion to Amend"). (ECF No. 14). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Plaintiff's application. Upon careful consideration of the parties' submissions, and for the reasons stated below, Plaintiff's Motion to Amend, (ECF No. 14), is **GRANTED.**

### I.      BACKGROUND

Plaintiff commenced this matter on May 30, 2014 by filing a Complaint in the Superior Court of New Jersey, Law Division for Bergen County against Defendants Focus Receivables Management, LLC ("Defendant Focus"), Asset Acceptance, LLC ("Defendant Asset"), John Does 1-50 and ABC Corp. 1-50. (Compl., ECF No. 1-1). On November 26, 2014 Defendant Asset, with consent of Defendant Focus (collectively "Defendants"), removed this matter to this Court pursuant to 28 U.S.C. § 1331. (ECF No. 1).

Plaintiff asserts that Defendants are "collection agencies with the principle purpose of the collection of debts, or are entities or individuals who regularly collect or attempt to collect debts," thereby making them "debt collectors" as defined by the Fair Debt Collection Practices Act ("FDCPA"). (Complaint, ECF No. 1-1, ¶¶ 6-7). Plaintiff contends that on March 31, 2013 Defendants sent Plaintiff a collection letter regarding a credit card debt with a balance due of $7,812.38. (Id. ¶ 8). Plaintiff alleges that Defendants, when stating the amount of debt owed, "impermissibly added fees, penalties and other charges in excess of the amount actually owed", in violation of the FDCPA. (Id. ¶¶ 9-11).

On July 9, 2015 Plaintiff filed a Motion to Amend seeking to "add additional facts supporting her claims for violations of the FDCPA." (Pl. Br., ECF No. 14-1, at 1). On July 28, 2015, Defendants filed an opposition to Plaintiff's Motion arguing that the proposed amendments are futile and time barred according to the applicable statute of limitations. (Def. Br., ECF No 17, at 2). Plaintiff replied on August 3, 2015, arguing first that Defendants' opposition was untimely, and therefore, should not be considered. (Pl. Rep. Br., ECF No. 18 at 1-2). Additionally, Plaintiff argues that "Plaintiff's proposed amendments 'relate back' to the original complaint and Defendants' statute of limitation argument is without merit." (Id. at 2).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d

484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Township, No.,

2013 WL 1622306, at *6 (D.N.J. April 15, 2013) (internal citations omitted) (discussing that "if

the underlying facts relied upon by a party might be a proper subject of relief, that party should

have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound

discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir.

1993). While courts have broad discretion to decide motions to amend, they must "heed Rule

15(a)'s mandate that amendments are to be granted freely in the interests of justice." Voilas et al.

v. General Motors Corp., et al, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations

omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or

dilatory motive, the court must grant a request for leave to amend. Grayson v. Mayview State

Hosp., 292 F.3d 103, 108 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d

Cir. 2006) (stating that generally, leave to amend should be granted "unless equitable

considerations render it otherwise unjust.").

Here, Defendants challenge Plaintiff's proposed amendments on "futility" grounds. A

proposed amendment "'is futile if the amended complaint would not survive a motion to dismiss.'"

County of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting Alvin v. Suzuki,

227 F.3d 107, 121 (3d Cir.2000)); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir.

2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a

claim upon which relief could be granted.'") (internal citation omitted). Therefore, "[t]he futility

analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." Marjam Supply

Co. v. Firestone Bldg. Prods. Co., LLC, No. 11–7119(WJM), 2014 U.S. Dist. LEXIS 46572, *9–

10 (D.N.J. Apr. 4, 2014). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court notes that Defendants bear the burden of establishing that Plaintiff's proposed amendments are futile, and that, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one. Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F.Supp.2d 761, 764 (D.N.J.2000); accord Marjam, 2014 U.S. Dist. LEXIS 46572 at *10. "Therefore, '[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" Schiano v. MBNA, 05–1771(JLL), 2013 U.S. Dist. LEXIS 81440, *45 (D.N.J. Feb. 11, 2013) (internal citations omitted).

Additionally, the "FDCPA imposes a one-year statute of limitations from the date of the alleged violation." Glover v. F.D.I.C., 698 F.3d 139, 145 (3d Cir. 2012). However, "[w]here an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." Id. Furthermore, "Rule 15(c) endeavors to preserve the important policies served by the statute of limitations—most notably, protection against the prejudice of having to defend against a stale claim, as well as society's general interest in security and stability—by requiring 'that the already commenced action sufficiently embraces the amended claims.'" Id. (quoting Nelson v. Cnty. of Allegheny, 60 F.3d 1010, 1014–15 (3d Cir.1995)).

Under Federal Rule of Civil Procedure 15, "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."

4

Fed. R. Civ. P. 15(c)(1)(B).   Consequently, "it is well-established that the touchstone for relation

back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified

of litigation concerning a particular occurrence has been given all the notice that statutes of

limitations were intended to provide.'" Glover, 698 F.3d at 146 (quoting Baldwin Cty. Welcome

Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984)).   As a result, "only where the opposing party is given

'fair notice of the general fact situation and the legal theory upon which the amending party

proceeds' will relation back be allowed."  Glover, 698 F.3d at 146 (quoting Bensel v. Allied Pilots

Ass'n, 387 F.3d 298, 310 (3d Cir. 2004)).   Alternatively, "amendments that significantly alter the

nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously."

Glover, 698 F.3d at 146 (internal citation and quotations omitted).

### III.   __DISCUSSION__

Plaintiff's proposed Amended Complaint seeks to include additional information regarding

the collection letter that Defendants sent to Plaintiff "indicating that it was authorized on behalf of

defendant ASSET ACCEPTANCE to collect an outstanding balance from Plaintiff."   (Proposed

Amended Complaint, ECF No. 14-3, at 4, ¶ 19).   Plaintiff maintains that the letter "is a

'communication' as defined by 15 U.S.C. § 1692a(2)."   (Id. ¶ 21).   Defendants argue that these

proposed amendments are futile because "Plaintiff had one year from the date of the letter to bring

any and all claims under the FDCPA related to the letter.   Her refusal to do so bars her from later

attempting to assert additional FDCPA claims against Defendants."   (ECF No. 17, at 4).

The Court notes, however, that the Counts in Plaintiff's proposed Amended Complaint

allege violations of Section 1692(e)(2), (e)(10), (f), and (f)(1).   (Proposed Amended Complaint,

ECF No. 14-3, at 6-7) ¶¶ 35-43).   Plaintiff's original Complaint included alleged violations of

Section 1692(e) and (f), generally.   (ECF No. 1-1, at 4, ¶¶ 14(e), 14(j)).   Although not many facts

were pled in the original Complaint to support the claims asserted, the claims of specific FDCPA violations were included in addition to mention of the collection letter. Plaintiff is adding facts to bolster those claims. To require Plaintiff to take those claims out of the proposed Amended Complaint would imply that the original Complaint is baseless as well, and therefore, ignore well established rules of pleadings and motion practice. See Fed. R. Civ. P. 8, 12, 12(c), 15. Any allegations included in Plaintiff's original Complaint are not reviewable in the context of this Motion. Because Plaintiff is merely adding facts and clarifying which subsections of the FDCPA Defendants allegedly violated, Plaintiff's proposed amendments are not futile and shall be permitted.

Additionally, the Court finds that Plaintiff's proposed amendments relate back, and therefore, should be permitted. In Glover, the Third Circuit held that the plaintiff's proposed amendments did not relate back because plaintiff's "amended FDCPA claim differed in 'time and type' from the claims earlier alleged against the [ ] Defendants." Glover, 698 F.3d at 147. There, the plaintiff sought to amend her complaint to allege that the defendants "violated the FDCPA by failing to withdraw the Foreclosure Complaint against [plaintiff] after [plaintiff] signed the Modification Agreement, because the Foreclosure Complaint constituted a continuing representation", whereas the original complaint only accused the defendants of "making a debt-collection phone call and of filing a Foreclosure Complaint demanding payment of purportedly unlawful attorney's fees." Id. at 146-147. As such, the Third Circuit found that "factual overlap alone is not enough" and that "fair notice was lacking here" because both actions "would constitute violations of the FDCPA that are factually and legally distinct from each other." Id. at 147-148.

In this case, however, Plaintiff is not seeking to allege actions that would themselves constitute violations of the FDCPA. Rather, Plaintiff seeks to, in essence, include additional

information about: (1) the nature of Plaintiff and the debt allegedly owed, (ECF No. 14-3, ¶¶ 13, 15); (2) additional information regarding the collection letter, (id. ¶¶ 21-23); and (3) the nature of the Defendants. (Id. ¶ 32). As these amendments do not "constitute violations of the FDCPA that are factually and legally distinct from each other," Plaintiff has given Defendants fair notice. Glover 698 F.3d at 147. As such, this Court finds that Plaintiff's proposed amendments also relate back and are not barred by the FDCPA's one-year statute of limitations.

**IV.    CONCLUSION**

The Court, therefore, having considered the parties' submissions, finds that Plaintiff's Motion to Amend, (ECF No. 14), should be **GRANTED**.   An appropriate form of Order accompanies this Opinion.

**JOSEPH A. DICKSON, U.S.M.J.**

cc:    Hon. Jose L. Linares, U.S.D.J.